UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CHAPMAN,<br><br>              Plaintiff,<br><br>      v.<br><br>UNITED STATES FOREST SERVICE,<br><br>              Defendant. | Case No.  1:22-cv-01531-BAM<br><br>ORDER DENYING MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO QUASH SERVICE OF PROCESS<br><br>(Doc. 12.) |

Plaintiff Matthew Chapman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to the Administrative Procedures Act ("APA") on November 29, 2022.  (Doc. 1.)  The Court previously found service of the First Amended Complaint appropriate and directed service by the U.S. Marshal.  (*See* Docs. 8, 10.)  Currently before the Court is Defendant United States Forest Service' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) or, in the alternative, to quash service of process.  (Doc. 12.)  Defendant also seeks dismissal pursuant to Rule 4(m).  The Court finds the matter suitable for resolution without the necessity of an opposition and without oral argument.  L.R. 230(g).  The hearing currently set for September 6, 2024, is VACATED.

**I.      Background**

As indicated, Plaintiff is proceeding *pro se* and *in forma pauperis* in this action.  He filed his complaint on November 29, 2022.  The Court screens complaints brought by persons

1

proceeding *pro se* and *in forma pauperis* pursuant to 28 U.S.C. § 1915(e)(2). On June 23, 2023, the Court screened Plaintiff's complaint and granted him leave to file a first amended complaint. (Doc. 4.) Plaintiff filed a first amended complaint on July 24, 2023. (Doc. 5.)

On April 24, 2024, the Court screened Plaintiff's first amended complaint. (Doc. 6.) The Court directed Plaintiff to show cause why the action should not be dismissed for lack of jurisdiction because the claims were moot. (Doc. 6.) Plaintiff filed a written response to the Court's show cause order on May 6, 2024. (Doc. 7.)

On May 9, 2024, following Plaintiff's response, the Court discharged the show cause order, found service of the amended complaint appropriate, directed the Clerk of the Court to send Plaintiff relevant service forms, including a summons, and directed Plaintiff to complete and submit the service documents. (Doc. 8.) Plaintiff submitted service documents on May 20, 2024. (Doc. 9.)

On May 22, 2024, the Court directed the Clerk of the Court to forward the following documents to the United States Marshal: (1) one completed and issued original summons; (2) one completed USM-285 form for each defendant to be served, including the United States Attorney's Office for the Eastern District of California; (3) one copy of the First Amended Complaint filed on July 24, 2023, plus one copy for service upon the United States Attorney, one for service upon the Attorney General of the United States at Washington D.C., and one copy for the United States Marshal; and (4) one copy of the Court's order, plus one copy for service upon the United States Attorney, one copy for service upon the Attorney General, and one copy for the United States Marshal. (Doc. 10 at 1-2.) The Court also directed the United States Marshal, within ninety days, to serve process and a copy of this order upon Defendant United States Forest Service pursuant to Federal Rule of Civil Procedure 4(i) without prepayment of costs. The Court further directed the United States Marshal to file the return of service within ten days after service was effectuated. (*Id.* at 2.)

On June 6, 2024, the United States Marshal returned a proof of service on the United States Attorney's Office and the United States Attorney General. (Doc. 11.)

On July 22, 2024, Defendant filed the instant motion to dismiss. Defendant asserts that

Rule 4(i) has not been satisfied because the United States Marshal did not (1) deliver a copy of the summons to the United States Attorney or his designee; (2) send a copy of the summons and the complaint to the Attorney General of the United States by registered or certified mail; or (3) serve the United States Forest Service by registered or certified mail.  (Doc. 12-1 at 3.)  Defendant maintains that because Rule 4(i) has not been satisfied, the Court lacks jurisdiction over the Forest Service, and service of process must be quashed.  Defendant additionally asserts that because this action was filed more than one and a half years ago, Rule 4(m) directs the Court to dismiss the case, absent an affirmative showing of good cause by Plaintiff.  (*Id.*)

## II. Federal Rule of Civil Procedure 4(i)

Federal Rule of Civil Procedure 4(i) sets forth the requirements for service on the United States and its agencies.  To serve a United States agency, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency.  Fed. R. Civ. P. 4(i)(2).  To serve the United States, a party must do the following:

> (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or
>
> > (ii) send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
>
> (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
> (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

## III. Discussion

Defendant complains about defects in service by the United States Marshal Service, namely that a copy of the summons was not provided to the United States Attorney, the Attorney General was not served by registered or certified mail, but rather a private carrier, and that the Forest Service was not served by registered or certified mail.

The Court has reviewed its order directing service by the United States Marshal and notes that it did not include the provision of multiple summonses, nor did it detail the mechanism for service under Rule 4(i).  The Court therefore intends to issue an amended order providing

summonses and directing service of the first amended complaint by the United States Marsal. The Court's amended order also will detail the procedures for service, under Rule 4(i), including service of both a summons and the complaint on the United States Attorney's Office for the Eastern District of California. Accordingly, Defendant's motion to dismiss, or in the alternative, to quash service of process will be denied without prejudice.

Defendant additionally complains that because this action was filed more than one and half years ago, Rule 4(m) directs dismissal absent an affirmative showing of good cause Plaintiff. Fed. R. Civ. P. 4(m). In relevant part, Rule 4(m) provides:

> If a defendant is not served within 90 days after the complaint is filed, the court— on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

While Plaintiff filed his initial complaint in this action on November 29, 2022, the Court did not complete its screening process until May 2024. (*See* Doc. 8.) Likewise, the Court did not order service on the United States Forest Service or direct issuance of a summons until May 22, 2024. (Doc. 10.) Based on that order, the ninety-day period for service has not yet expired. Additionally, and as indicated, the Court intends to issue an amended order directing the United States Marshal to effectuate service under Rule 4(i). In light of that amended order, there is good cause supporting an extension of the deadline to effectuate service. Accordingly, Defendant's motion to dismiss under Rule 4(m) will be denied without prejudice.

### IV. Conclusion and Order

For the reasons stated, Defendant's motion to dismiss, or in the alternative, to quash service of process (Doc. 12) is DENIED without prejudice. Defendant's motion to dismiss under Rule 4(m) also is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **July 29, 2024**         /s/ *Barbara A. McAuliffe*
                                 UNITED STATES MAGISTRATE JUDGE