UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW CHAPMAN, | Case No. 1:22-cv-01531-BAM |
| Plaintiff, | **ORDER DISMISING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM AND FAILURE TO OBEY COURT ORDER** |
| v. | |
| UNITED STATES FOREST SERVICE, | |
| Defendant. | |

## I. Background

Plaintiff Matthew Chapman ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action on November 29, 2022. (Doc. 1.) On July 28, 2025, the Court issued an order granting in part and denying in part Defendant United States Forest Service's ("Defendant") motion to dismiss the First Amended Complaint. (Doc. 30.) The Court granted leave to amend only to the extent that Plaintiff is able to allege facts sufficient to state a claim regarding the supposed "fourth permit" identified in his Opposition. (Docs. 27 at 3, 30.) Plaintiff was ordered to either file a Second Amended Complaint or a notice of dismissal within twenty-one days from the date of service of the Order. (Doc. 30 at 22.) Plaintiff was warned that failure to timely file either document would result in dismissal of this case, with prejudice, for failure to comply with a Court order and failure to state a claim. (*Id.*) The deadline to file either document expired and Plaintiff did not file either a Second Amended Complaint or a notice of dismissal.

1

On September 3, 2025, Plaintiff filed a notice of appeal to the United States Court of Appeals for the Ninth Circuit. (Doc. 31.) On September 29, 2025, the Ninth Circuit dismissed the appeal on the grounds that the District Court's dismissal order is not final or immediately appealable and as a result the Ninth Circuit lacked jurisdiction over the appeal. (Doc. 34.) On November 21, 2025, the Ninth Circuit issued the formal mandate pursuant to Rule 41(a) of the Federal Rules of Appellate Procedure. (Doc. 35.)

On November 24, 2025, the Court again ordered Plaintiff to file either a Second Amended Complaint relating only to the facts regarding the supposed "fourth permit" identified in Plaintiff's Opposition or file a notice of dismissal within twenty-one days from the date of service of the order. (Doc. 36.) Plaintiff was warned again that failure to comply with this order will result in dismissal. (*Id.* at 2.) Plaintiff has not filed a Second Amended Complaint or otherwise communicated with the Court, and the deadline to do so has expired.

**II.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to obey a court order or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv*., 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779

F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### III. Discussion

Here, Plaintiff has failed to comply with the Court's orders to either file a Second Amended Complaint or a notice of dismissal. (Docs. 30, 36.) The Court cannot effectively manage its docket if Plaintiff fails to follow the Court's orders. Thus, the Court finds that both the first and second factors weigh in favor of dismissal. *Harrison v. Hernandez*, No. 1:22-CV-01143-BAM-PC, 2022 WL 17722349, at *1 (E.D. Cal. Dec. 15, 2022), *report and recommendation adopted*, No. 1:22-CV-01143-ADA-BAM-PC, 2023 WL 2655769 (E.D. Cal. Mar. 27, 2023).

The third factor, risk of prejudice to Defendant, weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). Additionally, this Court has already reviewed the merits of the action extensively in its ruling on Defendant's Motion to Dismiss the First Amended Complaint. (Doc. 30.) The Court granted Defendant's Motion to Dismiss on all claims regarding the Forest Road Special Use (Temporary) Permit, the Non-Federal Commercial Road Use Permit, and the Term Forest Road Special Use Permit, and granted leave to amend only with regard to the purported fourth permit. (*Id.* at 1.) Plaintiff has not filed an amended complaint to allege facts sufficient to state a claim regarding this supposed fourth permit. (*Id.* at 1-2.) This factor accordingly weighs in favor of dismissal.

The fifth factor weighs in favor of dismissal. The fact that the Court allowed Plaintiff an additional twenty-one days to amend his complaint constitutes an attempt at a less drastic sanction than dismissal. *Ferdik*, 963 F.2d at 1262. Both the Court's July 28, 2025 and November 24, 2025 orders expressly warned Plaintiff that his failure to comply with the orders would result

in dismissal of the action. (Docs. 30, 36.) Plaintiff had adequate warning that dismissal could result from his noncompliance. *Harrison*, 2022 WL 17722349, at *2. Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Plaintiff is proceeding *in forma pauperis* in this action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case. *Id.*; *Gastelum v. Petco Animal Supplies Stores, Inc.*, No. 1:22-CV-00792-BAM, 2022 WL 17822092, at *2 (E.D. Cal. Dec. 20, 2022).

**IV.     Order**

Accordingly, the Court HEREBY ORDERS that this action be dismissed, with prejudice, based on Plaintiff's failure to obey court orders and failure to state a claim. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **December 23, 2025**              /s/ *Barbara A. McAuliffe*
                                            UNITED STATES MAGISTRATE JUDGE

4